IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DELDRICK LAMAR SPENCE,

    Defendant.

Case No. 3:14-CR-30103-NJR-1

# ORDER

**ROSENSTENGEL, Chief Judge:**

    Now before the Court is Defendant Deldrick Lamar Spence's *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (Doc. 49). As provided in Administrative Order 362, the Court directed the Federal Public Defender to enter an appearance to determine whether Spence may be eligible for relief. (Doc. 50). Attorney G. Ethan Skaggs entered his appearance and subsequently sought to withdraw, asserting that Spence's motion is without merit. (Docs. 52, 53). Spence did not respond.

    In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has 7 or more criminal history points and who committed the offense of conviction while under any criminal justice sentence receives 1 status point. A defendant who has 6 or less criminal history points and who committed the offense of conviction while under any criminal justice sentence receives

no status points. The changes apply retroactively. *See* § 1B1.10(e)(2). However, only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under the amended guideline. *See* Application Note 8(A) to § 1B1.10(e)(2). A court may not reduce a term of imprisonment imposed upon revocation of supervised release. *Id.*

Here, Spence served the 51-month term of imprisonment imposed by this Court before being released on supervision. (Docs. 33, 41). He was then sentenced to 14 months' imprisonment related to the revocation of his supervised release in the Eastern District of Kentucky on June 20, 2023. *See* Case No. 20-046-DCR (E.D. Ky.). Because Spence is serving a term of imprisonment imposed upon the revocation of his supervised release, he is not eligible for a sentence reduction.

For this reason, the *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 582(c)(2) and Part A of Amendment 821 filed by Defendant Deldrick Lamar Spence (Doc. 49) is **DENIED**. Attorney G. Ethan Skaggs is **GRANTED** leave to withdraw (Docs. 52, 53).

**IT IS SO ORDERED.**

DATED: March 25, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**